ALBANY,
January, 1830.

THE PEOPLE, on the relation of T. Gay, *vs.* THE JUDGES OF MONROE COMMON PLEAS.

The People
v.
Monroe, C. P.

MOTION for a mandamus. A *scire facias* was issued from the Monroe common pleas against the relator on a recognizance of bail as the manucaptor of Stephen Porter. It was served by a deputy sheriff, who indorsed a return on the writ in these words : " Served the within on the defendant by leaving a copy thereof marked copy, subscribed J. K. Livingston by Mr. Noyes, Dep'y. at the dwelling house of Jas. P. Fitch, being the last place of residence of the said Thomas Gay within the state, (signed) Jas. K. Livingston. Shff. M. Noyes, U. Shff." On the return of the writ, the plaintiff filed a declaration and entered a rule that the defendant appear and plead. The relator applied to the common pleas to set aside the plaintiff's proceedings for irregularity on the ground, that the defendant had not resided in this state since the commencement of the suit, which applications was denied, and a mandamus was now asked for, directing the common pleas to grant the motion.

*A scire facias against bail, removed from the state, served by leaving a copy at the last usual place of residence of the bail within the state, is a good service.*

*H. Gay*, for relator, insisted that the statute, (1 R. L. 324, § 7,) under which the proceedings had been had relative to the leaving of a copy of the *scire facias* at the last place of abode of the defendant, was intended solely to increase the chances of bringing knowledge home to bail of proceedings instituted against them, and not to change the law as to the service of process or the practice of the courts. That notwithstanding this statute, a plaintiff could not proceed in a suit on scire facias until a return of *scire feci* or of two *nihils ;* that the practice of the court was uniform in this particular, and that a service of a *scire facias* in the manner pursued in this case had never been considered by the bar as authorizing a plaintiff to proceed in his suit, nor had it been sanction by the court.

*By the Court*, MARCY, J. It is true that this statute has never received a construction, and it is singular that a question should not have been raised upon it until this late day. The general practice undoubtedly is, to obtain *two nihils* returned, when a return of *scire feci* cannot he had ; yet when a statute points out a particular mode of service of process, and that has been complied with, we are not disposed to say that such service is not good, especially when it is more probable that process thus served would be more likely to come to the knowledge of the party to be affected by it, than by the common law mode of service. The motion for a mandamus is therefore denied.